UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------

RICHARD PORTER,

                Petitioner,

            -against-

DANIELLE MARTUSCELLO,

                Respondent.

------------------------------------------------

16cv1417

MEMORANDUM & ORDER

WILLIAM H. PAULEY III, Senior United States District Judge:

        Richard Porter brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking an order vacating his judgment of conviction. This Court referred the matter to Magistrate Judge Henry B. Pitman for a Report and Recommendation. On August 10, 2018, Magistrate Judge Pitman issued his Report and Recommendation (the "Report"), recommending that this Court deny Porter's petition in its entirety. (ECF No. 17.) On November 1, 2018, Porter filed a generic objection to the Report. (ECF No. 22.) Thereafter, this Court granted him an opportunity to file a more specific objection. On January 11, 2019, Porter filed an objection to the Report (the "Objection"). (ECF No. 26.) Having reviewed the Report and the underlying record, this Court adopts the Report in full and overrules Porter's Objection. Accordingly, the petition is dismissed.

## DISCUSSION

I.    Legal Standard

        A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of a magistrate judge. 28 U.S.C. § 636(b)(1). This Court reviews de novo the portions of the Report to which objections are made and reviews the remainder for clear error

on the face of the record. 28 U.S.C. § 636(b)(1); Mulosmanaj v. Colvin, 2016 WL 4775613, at *2 (S.D.N.Y. Sept. 14, 2016). To trigger de novo review, objections "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." George v. Prof'l Disposables Int'l, Inc., 221 F. Supp. 3d 428, 433 (S.D.N.Y. 2016) (citation and quotation mark omitted). Conclusory or general objections are only entitled to clear error review. Pineda v. Masonry Constr., Inc., 831 F. Supp. 2d 666, 671 (S.D.N.Y. 2011).

Moreover, it is "improper . . . to relitigate the entire content of the hearing before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge." Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citation omitted). In such cases, the objecting party is only entitled to clear error review. See Taebel v. Sonberg, 2018 WL 2694429, at *1 (S.D.N.Y. June 5, 2018) (reviewing for clear error where objector "reiterate[d] the arguments he made to the magistrate judge"); Vaccariello v. XM Satellite Radio, Inc., 295 F.R.D. 62, 67 (S.D.N.Y. 2013) ("In the event a party's objections . . . reiterate original arguments, the district court also reviews the Report and Recommendation for clear error."); Jones v. Heath, 2012 WL 2673649, at *2 (S.D.N.Y. July 5, 2012) (conducting clear error review where objector "simply reiterates his original arguments, incorporating his memorandum only by a passing reference" (citation and quotation marks omitted)).

Finally, because Porter is proceeding pro se, his petition is held to "less stringent standards than [those] drafted by lawyers." Santiago v. United States, 187 F. Supp. 3d 387, 388 (S.D.N.Y. 2016) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). And this Court must liberally construe his papers "to raise the strongest arguments they suggest." Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (quotation marks omitted). However, pro se litigants are

"not exempt from compliance with relevant rules of procedural and substantive law." Carrasco v. United States, 190 F. Supp. 3d 351, 352 (S.D.N.Y. 2016) (quotation marks omitted).

II.  Porter's Objection

Porter objects to the Report's determination that his Sixth Amendment right to the effective assistance of counsel was not violated when the trial court failed to make further inquiry into Porter's claimed dissatisfaction with his appointed counsel.  Specifically, Porter argues that the Report incorrectly found that he failed to point to Supreme Court precedent supporting his argument that a trial court must conduct an inquiry when a criminal defendant complains that he is dissatisfied with his appointed counsel.  Porter argues that his statements to the trial court that he "really hadn't a chance to prepare a proper defense as of yet," and that he and his appointed counsel "don't speak," were sufficient to require the trial court to make an inquiry into the attorney-client relationship, per McKee v. Harris, 649 F.2d 927, 933 (2d Cir. 1981).  (Objection, ECF No. 26, at 3.)

But the Objection "reiterate[s] the arguments [Porter] made to the magistrate judge." Taebel, 2018 WL 2694429, at *1; Jones, 2012 WL 2673649, at *2.  Specifically, Porter's petition argued that the trial court failed to make an inquiry into his claimed dissatisfaction with his assigned counsel, and he even cited to McKee in his reply brief.  (See ECF No. 15 at 5-6.)  In his Objection, Porter makes the same argument, again relying on McKee.  (Objection at 3.)  And the Report includes a thorough analysis of McKee, stating why McKee was inapplicable and that, even if it were applicable, the argument fails because Porter did not make a "seemingly substantial" complaint about his counsel.  (Report, ECF No. 17 ("Report"), at 31-39.)[1]  In addition, the Report considered the same statements made by Porter regarding his

---

[1]  To the extent Porter's objection is to the Report's determination that Porter needed to cite Supreme Court precedent supporting his argument, rather than circuit precedent, his argument is plainly contradicted by the terms of

3

counsel that Porter raised in his Objection. (See Report at 34-35 (considering Porter's statements to the trial court that he "really hadn't a chance to prepare a proper defense as of yet" and "[m]e and my lawyer we don't click[,] [w]e don't speak").) Accordingly, and because this was Porter's only objection, this Court reviews the entire Report for clear error.

In sum, this Court has reviewed Magistrate Judge Pitman's extremely thorough and well-reasoned Report and finds that it is not erroneous on its face. See 28 U.S.C. § 636(b)(1)(C). Accordingly, this Court adopts the Report in its entirety and overrules the Objection.

## CONCLUSION

For the foregoing reasons, this Court adopts the Report in full and overrules Porter's Objection. Accordingly, the petition is dismissed. Because Porter has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued. See 28 U.S.C. § 2253(c). This Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum & Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444 (1962). The Clerk of Court is directed to terminate all pending motions, mark this case as closed, and mail a copy of this Memorandum & Order to Porter.

Dated: June 20, 2019
     New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

---

the statute. See 28 U.S.C. § 2254(d)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . .").